UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KAI HUNTE,

                       Plaintiff,

  -against-

129 LEXINGTON REST. CORP. d/b/a SALLY'S
and HUMPHREY DAVID CHEN, AS TRUSTEE
OF THE CHEN IRREVOCABLE TRUST,

                       Defendants
-------------------------------------------------------------x

Caso No. 1:25-cv-7712

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants 129 Lexington Rest. Corp. d/b/a Sally's and Humphrey David Chen, as Trustee of the Chen Irrevocable Trust (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This case challenges systemic and deliberate disability discrimination committed by defendants. Plaintiff seeks injunctive, declaratory, and equitable relief, along with monetary damages, attorneys' fees, and costs. Defendants have violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., its implementing regulations, the New York State Human Rights Law, the New York State Civil Rights Law, and the Administrative Code of the City of New York.

2. Defendants own, lease, and control a place of public accommodation that excludes individuals with disabilities in violation of federal, state, and local law. They are vicariously liable for the discriminatory actions and omissions of their employees and agents. Rather than comply with the ADA and related statutes, defendants made the calculated choice to ignore their obligations, assuming they could avoid accountability. Their refusal to provide

1

equal access communicates that disabled individuals are not welcome. This action seeks to end that practice and ensure that plaintiff, along with others similarly situated, is afforded full and equal enjoyment of defendants' establishment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as plaintiff's claims arise under federal law. The Court also has supplemental jurisdiction over the related state and city claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because the discriminatory conduct occurred in this district and the public accommodation at issue is located here.

## PARTIES

4. Plaintiff is a resident of Queens County, New York. In 2010 he sustained a T4 spinal cord injury in a motorcycle accident that left him paralyzed from the waist down and unable to move his legs. He uses a manual wheelchair for mobility and drives independently using a vehicle outfitted with hand controls.

5. Defendants own, lease, or operate the property located at 129 Lexington Avenue, New York, New York 10016 (the "Premises"). Each defendant is authorized to conduct business in New York State and operates a public accommodation within the meaning of the ADA, the New York State Executive Law, and the New York City Administrative Code.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. The Premises is a place of public accommodation under federal, state, and city law because it is privately operated and its operations affect commerce. Defendants'

establishment contains multiple architectural barriers that restrict plaintiff's access.

7.     Upon information and belief, the Premises was originally designed and constructed for first occupancy after January 26, 1993. Defendants have also made alterations to the facility after January 1992, including areas adjoining or connected to the main space.

8.     Plaintiff regularly travels throughout New York City and often visits the neighborhood where the Premises is located for family gatherings, social events, shopping, and dining—activities undertaken for the same reasons as anyone else living in or visiting the city. Despite his paralysis, plaintiff remains mobile and independent through use of his wheelchair and adapted vehicle.

9.     On or about August 1, 2025, plaintiff attempted to enter the Premises to enjoy drinks and music but was blocked by steps at the entrance and had no way to contact staff inside for assistance. He was forced to turn away, leaving him embarrassed and demeaned. The barriers remain in place today.

10.    Plaintiff intends to return once the facility is made accessible. Because the Premises is less than an hour from his home, it is reasonably convenient for him to visit often once he is not barred by architectural obstacles.

11.    Defendants' facility fails to comply with the 1991 ADA Standards for Accessible Design, the 2010 Standards, and the relevant provisions of the New York City Building Code and Construction Code. As a result, plaintiff has been denied equal and safe access.

12.    Among the barriers encountered or presently existing at the Premises are the following:

13.    An inaccessible entrance due to steps with no accessible route, ramp, or means

of egress, in violation of ADA requirements for accessible entrances and changes in level.

14. Dining tables that do not provide the required knee and toe clearance, and that fail to meet the minimum percentage of accessible seating required under the ADA.

15. A bar that exceeds maximum permitted height, lacks proper knee and toe clearance, and does not include the required accessible section.

16. Absence of compliant signage identifying restrooms as required by law.

17. Restrooms lacking required grab bars on the rear and side walls of the water closet.

18. The above list is not exhaustive. A full inspection of the Premises will likely reveal additional barriers that must be remedied. Plaintiff places defendants on notice that he intends to amend this complaint to include any further violations identified through inspection.

19. Defendants' failure to comply with accessibility requirements has denied plaintiff the ability to participate in and benefit from their goods and services. Defendants have not adopted or implemented adequate policies or practices to provide equal access to disabled patrons. Plaintiff faces a real and ongoing threat of future discrimination so long as the barriers persist.

20. He plans to return to the Premises once it is compliant and looks forward to the unique experiences it offers once full accessibility is achieved.

## **FIRST CAUSE OF ACTION**

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

21. Plaintiff repeats and realleges the preceding allegations as if fully set forth here.

22. Plaintiff is substantially limited in the major life activities of walking and

bodily movement. His disability requires the use of a wheelchair and restricts his range of motion, placing him squarely within the definition of disability under the ADA.

23. The ADA imposes joint and several liability on both the owner of a public accommodation and its lessee. Neither party can contract away responsibility for compliance with the statute. Defendants, as both owner and operator, remain fully liable for ensuring that the Premises is accessible.

24. Defendants have denied plaintiff full and equal use of their facility by maintaining barriers that exclude wheelchair users. Their policies and practices communicate to disabled individuals, including plaintiff, that they are not welcome or valued as patrons.

25. By designing, constructing, and altering a facility that is not accessible, defendants have violated 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1). Their public accommodation fails to provide integrated and equal use as required by 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

26. Defendants have made alterations without ensuring accessibility to the maximum extent feasible, violating 28 C.F.R. §§ 36.402 and 36.406. They also failed to make accessible the paths of travel to primary function areas as mandated by 28 C.F.R. § 36.403.

27. The ADA requires that facilities and elements comply with the 2010 Standards for Accessible Design. Defendants have not complied, nor have they removed existing barriers where removal would be readily achievable, as required by 28 C.F.R. § 36.304. It would have been feasible and not unduly burdensome for defendants to make their facility fully accessible.

28. In the alternative, defendants have failed to provide reasonable alternatives to barrier removal as required under 28 C.F.R. § 36.305.

29. Defendants' refusal to comply constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

30. By maintaining an inaccessible facility, defendants continue to discriminate against plaintiff in violation of Title III of the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth here.

32. Plaintiff's medical condition substantially limits the life activities of walking and body movement. He therefore qualifies as a person with a disability under New York Executive Law § 296(21).

33. Defendants have subjected plaintiff to unequal treatment by denying him the ability to use and enjoy their public accommodation solely because of his disability.

34. By maintaining and operating an inaccessible facility, defendants have violated New York Executive Law § 296(2). Each defendant has also aided and abetted the other in committing disability discrimination.

35. Defendants have failed to make readily achievable modifications to eliminate architectural barriers, in violation of Executive Law § 296(2)(c)(iii). In the alternative, they have failed to provide reasonable accommodations or alternative methods to achieve accessibility as required by Executive Law § 296(2)(c)(iv).

36. It would be readily achievable for defendants to make the Premises accessible. Doing so would not impose an undue hardship or unreasonable burden.

37. As a direct result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer emotional harm, including humiliation, embarrassment, stress, and anxiety. Plaintiff has sustained damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth here.

39. Plaintiff's medical condition impairs the functioning of major bodily systems and substantially limits the activities of walking and body movement. He is therefore a person with a disability within the meaning of Administrative Code § 8-102(16).

40. The Local Civil Rights Restoration Act of 2005 clarified that the New York City Human Rights Law must be interpreted broadly and independently of federal and state law, to maximize protections for individuals with disabilities. Administrative Code § 8-130, as amended, requires liberal construction in favor of plaintiffs seeking its protections.

41. Defendants have denied plaintiff equal treatment and equal access to their facility, directly and indirectly refusing and withholding accommodations, advantages, facilities, and privileges because of his disability, in violation of Administrative Code § 8-107(4). Each defendant has aided and abetted the other in engaging in this unlawful conduct.

42. Defendants have designed, maintained, and operated a commercial facility that is inaccessible to wheelchair users, in violation of Administrative Code § 8-107(4) and Local Law 58.

43. By failing to comply with long-standing accessibility requirements, defendants have communicated to individuals with disabilities that they are unwelcome and undesirable as patrons. Their conduct is deliberate, reckless, and in conscious disregard of plaintiff's rights.

44. As a result, plaintiff has suffered and continues to suffer humiliation, stress, embarrassment, and other emotional injuries.

45. Defendants' willful disregard of the law entitles plaintiff to punitive damages

under Administrative Code § 8-502.

46. By operating a non-compliant facility while collecting revenue, defendants have unlawfully profited from discrimination. They have saved money by refusing to spend what was required to make their establishment accessible, and those unlawful profits, with interest, must be disgorged.

47. Plaintiff has sustained damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth here.

49. Defendants have discriminated against plaintiff within the meaning of the New York State Executive Law. As a result, plaintiff is entitled to the monetary penalties authorized under Civil Rights Law §§ 40-c and 40-d for each instance of discrimination.

## INJUNCTIVE RELIEF

50. Plaintiff will continue to experience unlawful discrimination unless defendants are compelled to comply with applicable law. Injunctive relief is necessary to require defendants to modify their premises, operations, policies, and practices so that they are fully accessible.

51. Defendants must be ordered to make their facilities readily usable by individuals with disabilities and to provide auxiliary aids, services, and policy modifications consistent with the ADA, the New York State Human Rights Law, and the New York City Human Rights Law.

**DECLARATORY RELIEF**

52. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

53. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the

        defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 16, 2025

    Manhasset, New York

                                                Respectfully submitted,

                                                **GABRIEL A. LEVY, P.C.**
                                                Attorney for Plaintiff
                                                1129 Northern Blvd, Suite 404
                                                Manhasset, NY 11030
                                                (347) 941-4715

                                                **By:** /s/ Gabriel A. Levy, Esq.
                                                **GABRIEL A. LEVY, ESQ (5488655)**
                                                Glevy@glpcfirm.com